UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANDRE J. EZELL | § | |
| | § | |
| Plaintiff, | § | Docket No. 3:13-cv-00362 |
| | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| CIERRA MARINE GP, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### I. SUMMARY

1. Cierra Marine GP, LLC (hereinafter, "Cierra Marine"), Third Coast Towing, LLC (hereinafter, "Third Coast), and High Sierra Energy, LP (hereinafter "High Sierra") (collectively "Defendants") failed to pay Plaintiff Andre J. Ezell ("Plaintiff") overtime compensation as required by the Fair Labor Standards Act ("FLSA"). This action seeks to recover the unpaid overtime wages and other damages owed to Plaintiff.

### II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Labor Standards Act ("FLSA").

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

4. Andre J. Ezell ("Ezell") worked for Defendants as a tankerman during the relevant statutory time period. His consent to be a party plaintiff has been produced.

5. Cierra Marine is a foreign limited liability company doing business in Texas. Cierra Marine may be served by serving its registered agent C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6. Third Coast Towing, LLC is a Domestic Limited Liability Company doing business in Texas. Third Coast may be served by serving its registered agent C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

7. High Sierra Energy, LP is a Foreign Limited Partnership doing business in Colorado. High Sierra can be served by serving its registered agent The Corporation Company, 1675 Broadway Suite #1200, Denver, CO 80202.

## IV. FACTS

8. Defendants employed Plaintiff as a tankerman. Plaintiff generally worked well in excess of 40 hours in a single workweek, but Defendants did not pay Plaintiff overtime. Instead, Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA. Plaintiff, however, does not qualify for any FLSA exemption. Therefore, Defendants owes back overtime wages to Plaintiff.

## V. COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in

commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### VI. FLSA Violations

13. During the relevant time period, Defendants have violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

14. Defendants knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff overtime compensation. The decision by Defendants not to properly pay overtime compensation to Plaintiff was neither reasonable, nor in good faith. Accordingly, Plaintiff is entitled to overtime wages under the FLSA in an amount equal to one and one-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. RELIEF SOUGHT

15. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff the costs of this action;

   c. For an Order awarding Plaintiff his attorney fees;

   d. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
      Michael A. Josephson
      Fed. Id. 27157
      State Bar No. 24014780
      Andrew Dunlap
      Fed. Id. 1093163
      State Bar No. 24078444
      **FIBICH, HAMPTON, LEEBRON,**
        **BRIGGS & JOSEPHSON, L.L.P.**
      1150 Bissonnet
      Houston, Texas 77005
      713-751-0025 – Telephone
      713-751-0030 – Facsimile
      mjosephson@fhl-law.com
      adunlap@fhl-law.com

**AND**

      Richard J. (Rex) Burch
      Fed. Id. 21615
      Texas Bar No. 24001807
      **BRUCKNER BURCH, P.L.L.C.**
      8 Greenway Plaza, Suite 1500
      Houston, Texas 77046
      713-877-8788 – Telephone
      713-877-8065 – Facsimile
      rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

   I certify that on October 25, 2013, the foregoing document was served on all parties of record via the Court's ECF system.

            /s/ Michael A. Josephson
            Michael A. Josephson